UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

               Case No. 806-84807-619

STEWART ADLER,

               Chapter 7

        Debtor.
----------------------------------------------------------------x
ANDREW M. THALER, as Chapter 7 Trustee
of the estate of STEWART ADLER ,

        Plaintiff,       Adv. Proc. No. 806-8312-619

   vs.

STEWART ADLER and CINDY SPEISER,

        Defendants.
----------------------------------------------------------------x

## MEMORANDUM OF DECISION

    This matter came before the Court upon the motion of the Defendant Cindy Speiser:

(a) under Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012 for an order dismissing those

causes of action in the complaint which seek to affect title to Ms. Speiser's residence located

at 1918 Lowell Lane, Merrick, New York;[1] (b) under (i) Fed. R. Civ. P. 12(b)(6) and Fed. R.

Bankr. P. 7012 and (ii) Fed. R. Civ. P. 9(b) and Fed. R. Bankr. P. 7009 for an order

dismissing the sixth and seventh causes of action which allege actual intent fraudulent

conveyances under New York Debtor and Creditor Law §§ 276 and 276-a; (c) under Fed. R.

Civ. P. 12(e) and Fed. R. Civ. P. 7012 for an order compelling the Plaintiff  to replead the

---

[1] Specifically, Ms. Speiser seeks to dismiss the first and ninth causes of action as well as paragraphs 42, 47, 51, 55, 62, 72, and 76, which are contained in the third, fourth, fifth, sixth, eighth, tenth, and eleventh causes of action.  Although she is not seeking dismissal of these counts per se, the Court notes that each of the foregoing paragraphs is a prayer for relief for the respective count.

complaint and provide a more definite statement; and (d) should the Court dismiss those causes of action which affect title to Ms. Speiser's residence, for an order compelling the Trustee to terminate a notice of pendency filed against the property.

## 1. Complaint and Motion to Dismiss

On July 25, 2006, the Trustee filed the instant adversary proceeding against the Debtor and his wife Cindy Speiser ("Ms. Speiser") seeking to recover various alleged fraudulent conveyances. The Complaint alleges that at a time when the Debtor had substantial business debts,[1] he caused monies earned by him and by his corporations: (i) to be deposited into financial accounts held by Ms. Speiser; (ii) to be used to pay Ms. Speiser's expenses, including those related to certain property occupied by both the Debtor and Ms. Speiser, but held in her name only and located at 400 East 77th Street, New York, NY (the "Apartment") and at 1918 Lowell Lane, Merrick, NY (the "House") (collectively the "Properties"); and (iii) to purchase and maintain the Properties held in Ms. Speiser's name. (Complaint ¶¶19, 21). This was done at a time, the Complaint alleges, when the Debtor did not maintain any financial accounts in his own name and when all of the Debtor's personal financial transactions were conducted in Ms. Speiser's name and using her financial accounts. (Complaint ¶¶20, 23). Neither the Debtor nor Ms. Speiser dispute that the Debtor's funds were deposited into and used through Ms. Speiser's account, and indeed acknowledge that they did so to avoid having the Debtor's funds seized by the IRS. Ms. Speiser testified by

---

[1] On September 14, 2005, a state court entered a judgment against various corporations owned by the Debtor in favor of Lisa Ng and Charming Trading Company in the amount of $2,205,841.97. Because of the Debtor's bankruptcy filing in 2004, the state court stayed the action as to him and entered the judgment only against his corporations. However, the state court made specific findings on the Debtor's fraudulent conduct, and in a recent decision in a related adversary proceeding (See Adv. Proc. No. 805-8559), this Court gave offensive collateral estoppel effect to those findings as to the Debtor and found the debt to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A). In the same decision, the Court denied the Debtor a discharge under 11 U.S.C. § 727(a)(4)(A). The Debtor has appealed that decision.

affidavit that, in the aggregate, she paid out more on behalf of her husband than he deposited into her account.

On August 28, 2006, Ms. Speiser filed the instant motion to dismiss or for a more definite statement (the "Motion"). The Motion was adjourned from time to time, and ultimately a hearing was held on May 8, 2007, at which time the matter was taken under advisement. The Complaint contains eleven causes of action, four of which Ms. Speiser seeks to dismiss with her instant Motion: the first, sixth, seventh, and ninth.

The first cause of action of the Complaint cites 11 U.S.C. § 542 and § 363 and alleges that the Debtor has an equitable interest in the House which is, therefore, an asset of the estate that can be sold by the Trustee for the benefit of creditors. (Complaint ¶25-30). The Trustee seeks turnover of the House or the value thereof, *plus* a turnover of the funds deposited into Ms. Speiser's financial accounts by the Debtor and his corporations, *plus* "such other property in [Ms. Speiser's] name, custody, or control that was purchased, in whole or in part, directly or indirectly, with the funds of the Debtor." (Complaint ¶30). Ms. Speiser argues that this cause of action, along with paragraphs 42, 47, 51, 55, 62, 72, and 76, should be dismissed under Rule 12(b)(6) for failure to state a cause of action upon which relief can be granted. Ms. Speiser cites to the Trustee's failure to allege: (i) the amounts and/or dates of the alleged payments by the Debtor to Ms. Speiser that were used to purchase the Properties; and to establish (ii) the elements of a constructive trust, *i.e.*, a promise of ownership in favor of the Debtor; a transfer of funds made in reliance on such promise; and the unjust enrichment of Ms. Speiser.[2]

---

[2] Ms. Speiser also argues that equitable relief is not warranted because the Trustee has an adequate remedy at law for the alleged constructive fraudulent conveyances in the second, third, fourth, and fifth counts i.e., a claim for money damages.

In further support of dismissal of the Trustee's claims to equitable ownership of the House, Ms. Speiser filed an affidavit (the "Speiser Affidavit") setting forth facts that she argues would entitle her to judgment on this issue as a matter of law.  To the extent that the Court considers the Affidavit, Ms. Speiser requests that the Court treat the Motion as a one for summary judgment under Fed. R. Civ. P. 56. (Motion ¶3).

The sixth cause of action seeks a finding that (i) the transfer of assets of the Debtor and his corporations for the payment of Ms. Speiser's expenses, (ii) the purchase of the Properties, and (iii) the use of Ms. Speiser's financial accounts were actual intent fraudulent conveyances under Section 276 of the New York Debtor and Creditor Law.  The seventh cause of action seeks a judgment against the Debtor and Ms. Speiser, jointly and severally, for reasonable attorney's fees and expenses under the corresponding provision, Section 276-a.  Ms. Speiser seeks to dismiss these causes of action of the Complaint for failure to state a claim upon which relief can be granted under Rule 12(b) (6) and for failure to plead fraud with particularity under Rule 9(b).[3]  Ms. Speiser argues that the Complaint does not contain specific allegations of the amount or date of any alleged fraudulent transfers and is devoid of any specific allegations of intent to defraud.

The ninth cause of action cites Bankruptcy Code § 363(h) and alleges that because of the Debtor's alleged equitable interest in the House, and particularly after the avoidance of the alleged fraudulent transfer of the Debtor's interest in the House, the Debtor and Ms. Speiser would be co-owners of the home.  Should the Trustee prevail in proving the Debtor's interest, he seeks an order authorizing him to sell the House.  Ms. Speiser seeks to dismiss this count on the same grounds as the first and in general, seeks an order compelling

---

[3] The Court notes that the tenth cause of action is also an "actual intent" fraudulent conveyance claim, but Ms. Speiser did not specifically seek to dismiss it.

the Trustee to terminate a notice of pendency filed against the House upon the dismissal of the first and ninth causes of action and the paragraphs cited above.

Finally, Ms. Speiser argues that overall the "confused and intermixed allegations and contentions of many of the causes of action of the Complaint, mandate that the Trustee be required [to] replead the remaining portions of the Complaint to afford the Defendant the ability to appropriately answer in an effective manner." (Motion ¶5).

## 2. Discussion

### A. First Cause of Action-Constructive Trust

As part of her Motion under Rule 12(b)(6), Ms. Speiser offered evidence outside of the pleadings and requested treatment under Rule 56(c). If the moving party presents matters outside the pleadings on a motion to dismiss under Rule 12(b)(6), "the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion..." Fed. R. Civ. P. 12(b) (emphasis added).[4] A court may not convert a motion under Rule 12(b)(6) into a motion for summary judgment without giving adequate notice to the opposing party and affording the opposing party an opportunity to respond. *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995). Here, the Trustee has had ample notice of the request to treat the Motion as one under Rule 56(c), and indeed, has responded by offering his own evidence outside of the pleadings in opposition. *See Groden.*, 61 F.3d at

---

[4] Rule 12(b) provides that:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

1052-53 (2d Cir. 1995) ("'The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.'").  Thus, the Court will treat Ms. Speiser's Motion as one for summary judgment.

Rule 56(c)[5] provides, in pertinent part, that a movant shall be granted summary judgment:

> [I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

Rule 56(e) further states that:

> Supporting and opposing affidavits *shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.* Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56 (e) (emphasis added).

The movant carries the initial burden of showing that there is an absence of evidence to support the nonmoving party's case,  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Kurtzman v. National Union Fire Ins. Co.*, 147 B.R. 335, 338 (Bankr. S.D.N.Y. 1992), and the motion is to be granted only if (1) there is no genuine issue as to any material fact, and (2)

---

[5] Rule 56 governs the motion for summary judgment in this adversary proceeding by virtue of Fed. R. Bankr. P. 7056.

the movant is entitled to judgment as a matter of law.  Otherwise, it must be denied.
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-52 (1986); *Hamilton v. Smith*, 773 F.2d 461,
466 (2d Cir. 1985).  The court must draw all ambiguities and reasonable inferences in favor
of the nonmoving party.  *Thornton v. Syracuse Savings Bank*, 961 F.2d 1042 (2d Cir. 1992); *Levin
v. Analysis & Technology, Inc.*, 960 F.2d 314 (2d Cir. 1992).   Factual allegations backed by
affidavits or other evidence made by the nonmoving party must be regarded as true and
viewed in the light most favorable to them.  *Cartier v. Lussier*, 955 F.2d 841 (2d Cir. 1992).
The "evidence presented by a non-movant need not be in admissible form, but the
substance of the evidence must be admissible."  *Bernhardt v. Interbank of New York*, 18 F.
Supp.2d 218 (E.D.N.Y. 1998).  However, perfunctory statements, vague charges, and
conclusory allegations made in an opposition brief are not enough to defeat a motion for
summary judgment.  *Bank of China v. Chan*, No. 88 CIV. 0232 MBM, 1990 WL 53007
(S.D.N.Y. April 23, 1990), *rev'd in part on other grounds*, 937 F.2d 780 (2d Cir. 1991); *Hysell v.
Mercantile Stores Co.*, 736 F. Supp. 457 (S.D.N.Y. 1989).  If the movant is entitled to judgment
as a matter of law even when all facts as alleged by the non-movant are regarded as true,
then factual disputes which exist are not material and their presence will not preclude
summary relief.  *Cartier*, 955 F.2d 841.

Both Ms. Speiser and the Trustee submitted affidavits with accompanying exhibits in
support and in opposition to summary judgment.  In her affidavit, Ms. Speiser states that the
Debtor has never supported her financially and attaches copies of her W-2 forms from 1995
through 2005 showing gross annual wages ranging between $143,749.38 and $431,319.87
and averaging approximately $207,000.00 over that time period. (*See* Exhibit F to Speiser
Affidavit).  Ms. Speiser says that in April 1995 (before her marriage to the Debtor in January
1996), she purchased a cooperative apartment in Manhattan – the "Apartment"– for

$214,000, with her own assets and with a bank loan for which only she was responsible. She attached copies of checks representing her 10% down payment on the Apartment, which show that the deposit funds were drawn from her investment account and a copy of the contract of sale, which shows that she was the sole purchaser of the Apartment. (*See* Exhibits B and C to the Speiser Affidavit).

In July 2001, Ms. Speiser says she alone purchased a house in Merrick – the "House"– for $472,000. Because she was not able to sell the Apartment prior to closing on the House, she obtained a $250,000 bridge loan on the Apartment to help fund the purchase of the House. Ms. Speiser asserts that in all of these transactions, she was the only person obligated on the mortgages and she was the only person holding title to the Apartment and the House. (Speiser Affidavit ¶ 9). She further asserts that at no time did she ask for, or receive, a contribution from the Debtor for any portion of the purchase price of the Properties. To support these assertions, she attached copies of the closing documents from the sale of the Apartment and the purchase of the House. (*See* Exhibits D and E to the Speiser Affidavit).

Regarding the transfers of funds into her financial accounts, Ms. Speiser explains that when she married the Debtor in 1996, he was unable to open a bank account in his own name because there was a federal tax lien against him. The Debtor asked her, and she agreed, to deposit his checks into her account and that she would pay his bills. Ms. Speiser admits that she should have opened a segregated account for this purpose, but says that she obtained an "accounting" for all of the monies she paid out of her account for the Debtor's child support, alimony, insurance, car leases and other expenses. Notwithstanding the Debtor's deposits into her financial accounts, Ms. Speiser maintains that she paid out *at least*

*as much* as he paid in for his expenses.  A copy of the accounting prepared by Ms. Speiser was not provided to the Court.

In support of his opposition, the Trustee provides the Court with a declaration by Bradford D. Conover, Esq., counsel for Lisa Ng and Charming Trading Company in the related adversary proceeding before this Court (the "Conover Declaration"). (*See* Adv. Proc. No. 805-8559).  Attached to his affidavit are excerpts from the Debtor's 2004 examination. (*See* Exhibits A, B, F, G, J, K, L, and O to Conover Declaration).  At that examination, the Debtor admitted that he wrote checks from his corporate accounts that were payable to "Cindy Speiser" or "Cash" and were deposited into her accounts every year from 1997-2004; copies of these checks are attached to Mr. Conover's affidavit.  (Exhibit G to Conover Declaration).  Furthermore, Mr. Conover attached a list compiled by the Debtor in response to a set of interrogatories which shows that the Debtor transferred $152,700.00 from his corporate accounts for Just Jeanswear I, II, and III to Ms. Speiser's accounts between 1998 and 2000. (Exhibit H to Conover Declaration).  Mr. Conover also claims that an additional $82,645 and $275,000 were transferred to Ms. Speiser from two other companies, Fresh New Clothing II and Stewart Sourcing and Manufacturing. (Conover Declaration ¶ 19). However, these checks are not attached to his declaration.  Mr. Conover also claims that the majority of checks from the Stewart Souring and Manufacturing account appear to have been used for the couple's personal and household expenses including their credit card, mortgage, and/or utility bills.  (Conover Declaration ¶ 19).  However, these checks are likewise not attached.  The Trustee does attach check stubs from the Debtor's corporations, which he argues show that one or more of those corporations paid Ms. Speiser's expenses, such as telephone, car, gas and insurance.  (*See* Exhibit E to Trustee's Opposition).  As to the payment of the Debtor's expenses, Mr. Conover claims that the "accounting" received from

Ms. Speiser was a self-serving summary of payments that she allegedly paid on his behalf and that she has not provided any banking records to support it.  (Conover Declaration ¶ 27).

There are other excerpts from the Debtor's 2004 examination attached to the Conover Declaration that are worth noting.  The Debtor admitted living with Ms. Speiser in another apartment before she purchased the "Apartment," and that they shared the rent. (Exhibit L to Conover Declaration).  Also, when asked how they spent their joint income as reported on their 2002 tax returns totaling $287,178, of which $152,340 was Adler's income from [one of his corporations], Adler testified ... [that it was spent on] "[a] ton of things. Family, *fixing up **our** house*. We needed things, you know."  (Exhibit O to Conover Declaration) (emphasis added).  Adler then stated "[h]er house.  Almost.  Close.  Cute…No cigar, though."  (Exhibit O to Conover Declaration).  In further support of his claim to an equitable interest in the House, the Trustee provides the Court with an affidavit by Glen Vogelman who is the individual from whom Ms. Speiser purchased the House (the "Vogelman Affidavit").  According to Mr. Vogelman, "most of the negotiations and discussions concerning the sale of the house were conducted through [the Debtor]."  (*See* Vogelman Affidavit as Exhibit D to Trustee's Opposition).

The equitable remedy of a constructive trust was recently described in the case of *Petrello v. White*, 412 F. Supp.2d 215 (E.D.N.Y. 2006), as follows:

> Under New York law, '[i]n general, though as an equitable doctrine its application to particular circumstances is susceptible of some flexibility, to establish a constructive trust there must be: (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment.' . . . 'A constructive trust is the formula through which the conscience of equity finds expression.  When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trust.'

*Petrello*, 412 F. Supp.2d at 232 (citations omitted).

Chief Judge Duberstein, in the *American Motor Club* case, stated that "the four elements [of constructive trust] are not conclusive and courts have imposed constructive trusts in the absence of a confidential relationship, unjust enrichment or a promise." *In re American Motor Club, Inc.*, 109 B.R. 595, 599 (Bankr. E.D.N.Y. 1990) (citing cases). This flexible application of the constructive trust doctrine is further supported by New York state case law. For example, the Appellate Division, Second Department, in *Cruz v. McAneney*, 816 N.Y.S.2d 486 (N.Y. App. Div. 2006), stated that:

> The ultimate purpose of a constructive trust is to prevent unjust enrichment and, thus, a constructive trust may be imposed "'[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest'" ... The usual elements of a constructive trust ... should be applied flexibly. ... Thus courts can and will impose constructive trusts "whenever necessary to satisfy the demands of justice."

*Cruz*, 816 N.Y.S.2d at 490-91 (citations omitted).

As to the second element, "[e]ven without an express promise, courts of equity have imposed a constructive trust on property transferred in reliance upon a confidential relationship. In such a situation, a promise may be implied or inferred from the very transaction itself." *Sharp v. Kosmalski*, 386 N.Y.S.2d 72, 75, 351 N.E.2d 721, 723 (N.Y. 1976) (remanding case for a review of the facts). A confidential relationship exists between a husband and wife and Ms. Speiser does not dispute that this element is present. Furthermore, as to the third element, "the law of constructive trusts… is not confined to reconveyance situations. The third element…speaks to a *transfer* in reliance on a promise without qualifying the underscored term. In our view, the transfer concept extends to instances where funds, time, and effort are contributed in reliance on a promise to share in the result." *Lester v. Zimmer*, 542 N.Y.S.2d 855, 856, 147 A.D.2d 340, 342 (N.Y. App. Div. 1989) (internal citations omitted) (emphasis in original). *See also Gottlieb v. Gottlieb*, 560 N.Y.S.2d 477, 166 A.D.2d 413, 414 (N.Y. App. Div. 1990).

Based upon the flexible approach to constructive trusts under New York law and the relatively high standard for summary judgment under Rule 56, the Court finds that the Trustee has raised a genuine issue of material fact as to whether the Debtor's deposits into Ms. Speiser's account were used to purchase the Apartment and/or maintain both Properties, and therefore denies Ms. Speiser's Motion for summary judgment on the first cause of action as well as on the above-cited paragraphs.  As the moving party, the burden rests with Ms. Speiser, and although she submitted transactional documents showing only her as the purchaser for both Properties, the Trustee submitted documents (i.e. list of transfers; copies of checks) establishing the commingling of funds between the Debtor and Ms. Speiser.  It is clear that the Debtor deposited funds into Ms. Speiser's accounts and did so for many years, something that she admitted to in her affidavit as a way of avoiding attachment by the IRS.  However, it is not clear whether those funds were used for the Properties as the Trustee argues or were used for the Debtor's expenses as Ms. Speiser claims.  *See Maynor v. Pellegrino*, 641 N.Y.S.2d 155, 226 A.D.2d 883, 885 (N.Y. App. Div. 1996) (holding that the purpose of payments to property's title owner is a question of fact which cannot be decided on a motion to dismiss a constructive trust claim).  Ms. Speiser claims that she can account for all of the expenses she paid on the Debtor's behalf, but she did not submit any bank records to support this.  There is a genuine issue as to whether the Debtor's deposits were used for the Properties.  Also, although Ms. Speiser submitted documents showing that the down payment for the Apartment was paid with funds from her investment account, there is a genuine issue as to the source of those funds based on a reasonable inference drawn from the couple's history of commingling funds; the Debtor's admission that they lived together and shared rent before she purchased the Apartment; and the Debtor's role in negotiating the purchase of the House.  *See Lester,* 147 A.D.2d at 342

(holding that premarital transfer of funds for improvement of realty can form a predicate for the imposition of a constructive trust); *Gottlieb,* 166 A.D.2d at 414 (reversing dismissal of constructive trust claim where plaintiff shopped and negotiated for the purchase of the property with the defendant and contributed financially to the maintenance and upkeep of the home).

**B.  Sixth and Seventh Causes of Action-Actual Intent Fraudulent Conveyance and Attorney's Fees**

Ms. Speiser seeks to dismiss the sixth and seventh causes of action for failure to plead fraud with particularity under Rule 9(b).[6]  In the sixth cause of action, the Trustee seeks to set aside certain "conveyances"[7] made with the actual intent to hinder, delay, or defraud creditors pursuant to Section 276 and in the seventh, seeks reasonable attorney's fees and expenses under the associated provision, Section 276-a.  As "actual intent to hinder, delay, or defraud" constitutes fraud, it must be pled with specificity under Rule 9(b) and the burden is on the party seeking to set aside the conveyance.  *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) (internal citation omitted) (upholding dismissal under Rule 9(b) where bankruptcy trustee's claim under Section 276 inadequately alleged fraud with respect to the transaction sought to be avoided).  "Due to the difficulty of proving actual intent to hinder, delay, or defraud creditors, the pleader is allowed to rely on 'badges of fraud' to support his case."  *Id.* (internal citations omitted).  Such "badges of fraud" include: "(1) lack or inadequacy of consideration; (2) family, friendship, or close associate relationship between the parties; (3) retention of possession, benefit, or use of the property in question by the debtor; (4) the

---

[6] Rule 9(b) provides: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

[7] In paragraph 53 of the Complaint, the Trustee states "the Debtor's transfer of the assets of the Debtor and the Alder Corporations to pay the Wife's expenses, for the purchase of the Property, and the deposit of all of his salaries and earnings into the Wife's financial accounts were and continue to be done with the actual intent to hinder, delay, or defraud the Debtor's creditors."

financial condition of the transferor both before and after the transaction in question; (5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency of threat of suits by creditors and (6) the general chronology of the events or transactions under inquiry." *In re Kaiser*, 722 F.2d 1574, 1582-83 (2d Cir. 1983).

Here, the Trustee has not properly alleged facts of actual intent under DCL 276, and thus, the sixth cause of action is dismissed under Rule 9(b) for failure to plead with specificity and the Trustee shall have thirty (30) days to amend his Complaint. In the Complaint, the Trustee makes conclusory statements that the Debtor and Ms. Speiser acted with the actual intent to hinder, delay, or defraud creditors without anything more. The Trustee does not set forth any facts to support the "badges of fraud"; he merely argues that after becoming indebted to Lisa Ng and Charming Trading Company, the Debtor caused money to be deposited in Ms. Speiser's account and that she used that money for her expenses, including those related to the Properties  The Trustee does not allege any specifics as to the amounts or dates of these deposits. This result is not inconsistent with the Court's decision to deny summary judgment on the first cause of action. On this count, the standard is whether the Trustee *pled* actual intent fraudulent conveyance with particularity and the Court is confined to the Complaint itself and is not to consider documents submitted by the Trustee in response to Ms. Speiser's Motion for summary judgment. Having dismissed the sixth cause of action for failure to plead with specificity, the Court need not decide whether this count should be dismissed under Rule 12(b)(6), and should the Trustee choose to amend his Complaint, Ms. Speiser may file a renewed motion then. Lastly, the Court hereby dismisses the seventh cause of action, which is legally dependent on the sixth as it requires

the Trustee to have proved actual intent to defraud; the Trustee may replead it in his amended Complaint should he choose to file one.

### C. *Ninth Cause of Action-Section 363(h)*

Ms. Speiser seeks to dismiss the ninth cause of action under Rule 12(b)(6) or in the alternative for summary judgment under Rule 56(c). The Court agrees with Ms. Speiser that Section 363(h) is not an independent cause of action entitling the Trustee to relief. However, pursuant to Section 363(h), the Trustee may sell the Debtor's interest in the House along with Ms. Speiser's interest if he is successful in establishing a constructive trust or fraudulent conveyance and satisfies the elements of Section 363(h). Therefore, the Court denies her motion as to this count.

### D. *Termination of Notice of Pendency*

Having denied Ms. Speiser's motion for summary judgment on the first cause of action, the Court hereby denies her motion for an order compelling the Trustee to terminate the notice of pendency filed against the House.

### E. *More Definite Statement*

Ms. Speiser's seeks an order requiring the Trustee to replead the Complaint and provide more definite statement under Rule 12(e). "A party may move for a more definite statement [i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading. The issue is whether the pleading is intelligible, not whether it has enough details." *In re Enron Corp.*, 2006 WL 2400096, *7 (Bankr. S.D.N.Y. 2006) (citing *In re Bunker Exploration Co.*, 42 B.R. 297, 300 (Bankr. D. Okl. 1984) (stating that pleadings are intended to simply place a defendant on notice of the basic nature of the plaintiff's case)). The Trustee's Complaint did not adequately allege fraud as addressed above, but it did provide sufficient information as to the

other counts to place Ms. Speiser on notice of his case, and therefore her request for a more definite statement is denied.

### *3. Conclusion*

The Court hereby DENIES summary judgment on the first cause of action and on paragraphs 42, 47, 51, 55, 62, 72, and 76, DISMISSES the sixth cause of action under Rule 9(b), DISMISSES the seventh cause of action as legally dependent on the sixth, DENIES dismissal of the ninth cause of action, DENIES termination of the notice of pendency, and DENIES the motion for more definite statement.

A separate order shall issue.


Dated: June 28, 2007                                By the Court,


_____
Joel B. Rosenthal
United States Bankruptcy Judge